KIMBERLY E. COLWELL, SBN: 127604
TRICIA L. STUART, SBN: 212550
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendant CITY OF PETALUMA, THOMAS SIMMS, as an Individual and in his official capacity of Chief of Police; OFFICER TODD HART, OFFICER LANCE NOVELLO, OFFICER TERRY CAMPBELL, OFFICER AARON GARIHAN, OFFICER GREG SALCEDO, and OFFICER JOHN ANTONIO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RANDALL DEAN RUMERY,

Plaintiff,

v.

PETALUMA POLICE DEPARTMENT; CITY OF PETALUMA; THOMAS SIMMS, as an individual and in his official capacity of Chief of Police; OFFICER TODD HART, as an individual and in his official capacity as a member of the Petaluma Police department; OFFICER LANCE NOVELLO, as an individual and in his official capacity as a member of the Petaluma Police department; OFFICER TERRY CAMPBELL, as an individual and in his official capacity as a member of the Petaluma Police department; OFFICER AARON GARIHAN, as an individual and in his official capacity as a member of the Petaluma Police department; OFFICER GREG SALCEDO, as an individual and in his official capacity as a member of the Petaluma Police department; OFFICER JOHN ANTONIO, as an individual and in his official capacity as a member of the Petaluma Police department; MARY JANE WERNET, an individual; MERIDIAN CAL-COMP dba CAL COMP SPECIALISTS, INC, a California Corporation; and DOES 1 through 100,

Defendants.

Case No.: C 04-03718 SBA

**DEFENDANT CITY OF PETALUMA'S MOTION TO DISMISS, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT**
**[Rule 12(b)(6) and 12(e)]**

State Court Complaint Filed: July 2, 2004
Service Effective: August 26, 2004

Date: November 9, 2004
Time: 1:00 p.m.
Courtroom: 3, 3rd Floor

## I. NOTICE OF MOTION

TO RANDALL DEAN RUMERY AND HIS ATTORNEY OF RECORD: Please take notice that on November 9, 2004, at the hour of 1:00 p.m., or as soon thereafter as the matter can be heard in Courtroom 3, 3rd Floor of this Court, located at 1301 Clay Street, Oakland, California, the CITY OF PETALUMA, THOMAS SIMMS, OFFICER TODD HART, OFFICER LANCE NOVELLO, OFFICER TERRY CAMPBELL, OFFICER AARON GARIHAN, OFFICER GREG SALCEDO, and OFFICER JOHN ANTONIO, defendants, will move this Court to dismiss plaintiff's Complaint.

Defendants' motion is based upon this Notice of Motion, Motion, and Memorandum of Points and Authorities, the pleadings and papers on file in this action, and upon such other and further matters as the Court may consider at the hearing of this motion.

## II. RELIEF SOUGHT

Defendants seek dismissal of plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6), because it fails to state a claim upon which relief can be granted. Plaintiff purports to sue the City and its officers under 42 U.S.C. Section 1983 for unspecified violations of his "clearly established rights guaranteed by the United States Constitution." Plaintiff fails to plead his federal constitutional claims with any specificity whatsoever. The Defendants are at a loss as to how to respond. Moreover, as plaintiff has chosen to sue a public entity and public employees, there are various immunities from suit which at present, the City and its officers are unable to evaluate and assert. Because plaintiff's federal constitutional claims are defective, his Complaint should be dismissed. Alternatively, the defendants seek relief pursuant to Federal Rule of Civil Procedure 12(e) and plaintiff should be made to file an amended Complaint, as his federal claims in their current form are impermissibly vague, to such a degree that the defendants are deprived of drafting an intelligent responsive pleading.

Moreover, plaintiff's state law claims are fatally flawed. Plaintiff failed to comply with the California Tort Claims Act in timely filing his lawsuit upon receipt of his claims rejection.

As such, his state law claims are jurisdictionally barred and the Court should dismiss them with prejudice.

## III. <u>INTRODUCTION</u>

Plaintiff Randall Dean Rumery has filed a Complaint which ostensibly alleges seven causes of action against the City and its officers: (1) Federal Civil Rights violations pursuant to Section 1983, (2) California Civil Rights Violations pursuant to Unruh; (3) Battery; (4) Assault; (5) Intentional Infliction of Emotional Distress; (6) Negligent Infliction of Emotional Distress; and (7) Conversion.

After alluding to jumping off a bridge, plaintiff was picked up under Welfare & Institutions Code §5150 for psychiatric evaluation. Plaintiff's sole federal cause of action therefore appears to stem from his detention under Wel. & Inst. Code §5150 on June 26, 2003. Plaintiff claims that the City's officers used excessive force when they detained him. He bases his federal cause of action on 42 U.S.C. Section 1983. He fails, however, to identify a single federal constitutional provision applicable to his claim. Accordingly, the City defendants are at a loss as to how to respond. Plaintiff's Section 1983 claim should either be dismissed, or he should be made to amend it so that the City defendants may file a coherent and intelligent response.

Additionally, plaintiff appears to impermissibly hold the <u>City</u> liable for the acts of its employees pursuant to Section 1983. This he may not do. Plaintiff has failed whatsoever to allege a viable *Monell* claim. Again, his Section 1983 claim should either be dismissed, or he should be made to amend it to remove the impermissible *respondeat superior* claim against the City.

Finally, plaintiff has pled five state law claims against the City defendants. In California, a plaintiff filing a suit for money or damages must file a tort claim pursuant to California Government Code §900 *et seq*. Public entities, in turn, are required to act upon the claim within 45 days, or else the claim is deemed rejected by operation of law. Once a claim has been rejected, the claimant has six months within which to file suit. Here, plaintiff did indeed file a tort claim, as alleged in his complaint, on December 11, 2003.

This claim, however, was rejected on December 22, 2003. Plaintiffs complaint must therefore have been filed within 6 months, or no later than June 22, 2003. Plaintiff did not file his complaint in this matter until July 2, 2004. He has thus failed to timely file his lawsuit upon receipt of the rejection of his tort claim. Because plaintiff has failed to comply with the California Tort Claims Act, he is jurisdictionally barred from pursuing his state law claims, and thus, these claims must be dismissed with prejudice.

## IV. STATEMENT OF FACTS

In his complaint plaintiff alleges that on June 26, 2003, he was discussing his workers' compensation claim with Meridian Cal-Comp representative Mary Jane Wernet. During this phone call, plaintiff said that he was "ready to go to the bridge" and "end it all." (Complaint, ¶17.) Plaintiff also informed Ms. Wernet that he had just finished cleaning two guns. Plaintiff alleges that he further told Ms. Wernet that he was not suicidal, when questioned by her.

When Ms. Wernet hung up with plaintiff, she discussed her call with a supervisor. She then phoned the police to inform them of the substance of her conversation. Petaluma police officers responded to plaintiff's address and talked him out of his house. Plaintiff was placed in the back seat of a police cruiser and then taken to Petaluma Valley Hospital via ambulance after complaining of chest pains. Once he was medically cleared, he was transported to Oakcrest Psychiatric Emergency Services for evaluation and eventually released.

## V. ISSUES PRESENTED

1. Plaintiff's federal cause of action based upon 42 U.S.C. Section 1983 fails to cite to any textual source as a basis for the alleged violation of any of his rights. Because of his failure to plead with specificity, his Section 1983 cause of action should be dismissed, or, alternatively, plaintiff must file an amended complaint which corrects these defects.

///

///

2. Plaintiff's federal cause of action appears to be an impermissible *respondeat superior* claim against the City. Accordingly, his Section 1983 claim against the City must be dismissed. Alternatively, defendants request that plaintiff be made to amend his claim to include the required specific allegations.

3. Plaintiff's state law claims must be dismissed with prejudice because he failed to timely file his lawsuit within six months of receiving his claim rejection. Plaintiff is thus jurisdictionally barred from pursuing any state law claims against all of the City defendants.

## VI. ARGUMENT

### A. The Complaint Fails to State a Claim for Which Relief Can Be Granted Under 42 U.S.C. Section 1983.

Plaintiff's First Cause of Action purports to be one brought pursuant to 42 U.S.C. Section 1983, among other theories. Under FRCP Rule 12(b)(6), a pleading will not be sufficient to state a claim under the Civil Rights Act if the allegations are stated as mere conclusions. (*Sherman v. Yaki* (9th Cir. 1977) 549 F.2d 1287, 1290, citations omitted.) Additionally, the plaintiff must identify the civil rights allegedly violated in his complaint. (*Id*.) Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. (*Ivey v. Board of Regents* (9th Cir. 1982) 673 F.2d 266, 268, citations omitted.) The complaint alleging civil rights violations must also make clear connections between specific allegations and individual defendants. (*McHenry v. Renne* (9th Cir. 1996) 84 F.3d 1172, 1178.)

Here plaintiff apparently brings a federal claim as set forth in his "First Cause of Action" for a violation of his "clearly established rights guaranteed by the United States Constitution and the California Civil Code, which includes freedom from unreasonable and excessive force and freedom from intimidation." (Complaint, ¶ 26.) Plaintiff, however, makes only conclusory allegations in the First Cause of Action regarding a violation of his civil rights, and does not plead facts sufficient to support his claims of civil rights violations.

"Where a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that

Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" (*Albright v. Oliver* (1994) 510 U.S. 266, 273 (*quoting Graham v. Connor,* (1989) 490 U.S. 386, 394.) In *Graham*, the Supreme Court held that claims brought under Section 1983 must be analyzed under the attendant explicit textual sources of constitutional protection. (*Graham*, 490 U.S. at 394-95.)

Plaintiff in the case at bar merely cites Section 1983 and references his "clearly established rights guaranteed by the United States Constitution." Case law makes clear that a plaintiff may not proceed under Section 1983 without articulating (with non-conclusory factual allegations) in his complaint how a particular defendant interfered with a particular right which that plaintiff did or should have possessed. Merely claiming that a violation of his constitutional rights occurred under Section 1983 is woefully inadequate. Accordingly, plaintiff's First Cause of Action premised solely upon Section 1983 must be dismissed.

**B. The Complaint Fails to State a Valid Cause of Action For Municipal Liability.**

**1. Plaintiff Cannot Hold the City, Chief Simms and the City's named Officers Liable Under § 1983 Based on Respondeat Superior.**

The "First Cause of Action" in the Complaint additionally seeks to hold the City of Petaluma , as well as the named officers ("municipal defendants") liable for the unspecified acts of these officers. But the Complaint provides no facts to substantiate plaintiff's claims against the municipal defendants. Instead, they throw out conclusory phrases like "acting under the color of state law" (Complaint ¶ 25) in the hope that they can pass muster. They cannot. What Plaintiff attempts is to hold the municipal defendants liable under the impermissible theory of *respondent superior.*

///

///

///

///

### a. Under Section 1983, Municipalities Are Not Vicariously Liable For the Constitutional Torts of Their Employees

Assuming that plaintiff is attempting to assert that the municipal defendants used excessive force in arresting him, he fails to state a claim against the City . No plaintiff can impose liability upon a municipality for its employee's violation of a plaintiff's constitutional rights under § 1983.

"In *Monell, . . .* the [Supreme] Court made clear that the municipality itself must cause the constitutional deprivation and that a city may not be held vicariously liable for the unconstitutional acts of its employees under the theory of *respondeat superior." (Gillette v. Delmore*, (9th Cir. 1992) 979 F.2d 1342, 1346 (*citing Monell v. New York City Dep't of Social Servs.* (1978) 436 U.S. 658, 690).) The Supreme Court based its holding on the fact that "[C]ongress did not intend to impose vicarious liability on municipalities under Section 1983 . . ." (*Medrano v. City of Los Angeles* (9th Cir. 1992) 973 F.2d 1499, 1505 citing *Moor v. County of Alameda* (1973) 411 U.S. 693, 710, 93 S.Ct. 1785).)

### b. Plaintiff's Complaint Fails to Articulate the "Custom, Policy or Practice" by the municipal defendants which deprived him of his Constitutional Rights

To state a valid claim for municipal liability, a complaint must not only allege a constitutional violation caused by the municipality, but must also allege either: (1) that the violation occurred pursuant to a formal governmental policy or longstanding practice or custom which constitutes the standard operating procedure of the local government entity; *or* (2) that an official with final policy making authority committed or ratified the constitutional tort. (*Gillette*, *supra*, 979 F.2d at 1346-47.)

Dismissal of a section 1983 municipal liability cause of action is appropriate where a plaintiff "[a]lleged no facts which suggested that the alleged constitutional deprivation occurred as the result of [a] policy or custom." (*Thompson v. City of Los Angeles* (9th Cir. 1989) 885 F.2d 1439, 1444).

///

///

Here, the Complaint in conclusory fashion alleges that the municipal defendants "used excessive force upon the plaintiff by throwing him to the ground unnecessarily and not for the purpose of maintaining security but rather for the purpose of causing pain." (Complaint ¶ 25).

Plaintiff does not allege any facts to support his bald assertion nor does he specify the acts of misconduct which provide the basis for these polices customs or practices. Instead we are left to speculate. Simply put, neither a municipality nor its policymakers or supervisors can be held liable for a pattern and practice violation if the conduct of the underlying officer was constitutional. (*City of Los Angeles v. Heller* (1986) 475 U.S. 796.)

The only conduct at issue is plaintiff's apparent charge that the municipal defendants used excessive force on one particular date without cause. The actions of the municipal defendants on one day are not sufficient to establish a " widespread practice that . . . is so permanent and well settled as to constitute a 'custom or usage' with the force of law." (*Gillette, supra,* 979 F.2d at 1348-49 (*quoting City of St. Louis v. Praprotnik* 485 U.S. 112, 127 (1989) (plurality opinion)).)

> "[A] single incident alleged in a complaint, especially if it involved only actors below the policy making level, does not suffice to show a municipal policy." (*Ibid*.)

What is the widespread policy or practice that is supposed to be at issue here? The Complaint does not say. Instead the Complaint alleges facts supporting only a <u>single incident</u> by actors <u>below the policy making level</u>, which <u>does not suffice</u> to show a municipal policy or custom. Conclusory allegations, unsupported by facts, will be rejected as insufficient to state a claim under the Civil Rights Act. (*Price v. State of Hawaii* (9th Cir. 1991) 939 F.2d 702, 707-08 (*quoting Jones v. Community Redevelopment Agency* (9th Cir. 1984) 733 F.2d 646, 649).) Therefore, Plaintiff's claim for municipal liability as against the municipal defendants fails to state a claim upon which relief can be granted.

///

///

///

### C. Plaintiff's Complaint Fails to State A Claim Because It is Impermissibly Vague, Ambiguous and Conclusory

#### 1. A Complaint for Civil Rights Violations Must be Sufficiently Clear and Direct to Allow Defendants to Frame an Appropriate Response and to Avoid Needless Discovery

The basic pleading standard for civil rights complaints calls for inclusion of clear, factual allegations in support of each cause of action, and that such allegations are not vague or based on mere conclusions. (*Ivey v. Board of Regents* (9th Cir. 1982) 673 F.2d 266; *Sherman v. Yaki* (9th Cir. 1977) 549 F.2d 1287, 1290.) Claims may be dismissed because they fail to allege sufficient facts to support any cognizable legal claim. (*SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.* (9th Cir. 1996) 88 F.3d 780, 783 *cert. denied*, (1996) 519 U.S. 1028, 117 S.Ct. 583, 136 L.Ed.2d 513.) While the Federal Rules require merely that the complaint place defendants on notice of what it is they are being sued for, a plaintiff's pleading obligations are not non-existent. On the contrary, plaintiffs must put forth a short, plain statement showing that they are entitled to relief. (FRCP Rule 8(a)(1).)

An impermissibly vague, ambiguous and conclusory complaint may be grounds for a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). In *McHenry v. Renne*, the Court held that the district court did not abuse its discretion in dismissing the plaintiffs' third amended complaint for its lack of clarity, directness and relevance which made it "difficult to determine just what circumstances were supposed to have given rise to the specific causes of action." (*McHenry, supra.* at 1172, 1178.) The Court found that because the complaint did not contain a clear statement of claims and was confusing to read, it did not give defendants a fair opportunity to frame a responsive pleading. "One cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery." (*Id.*)

In this case, plaintiff's "First Cause of Action" is labeled one of "Violation of Civil Rights." Plaintiff alleges merely, however, that some unspecified right guaranteed by the Federal Constitution has been violated:

> By the actions described in the previous paragraphs, the defendants deprived the plaintiff of clearly established rights guaranteed by the United States Constitution. . . (Complaint, ¶26.)

As is apparent, plaintiff fails to identify a single provision of the U.S. Constitution he alleges defendants to have violated. This omission makes it impossible for defendants to frame a responsive pleading.

Not only is there ambiguity in the nature of the claims being asserted by plaintiff but the Complaint is also unclear as to which claims are being asserted against each particular Defendant. Plaintiff makes general allegations against *all* Defendants pertaining to violations of his federal constitutional rights. At a minimum, he should be compelled to specify which claims are being leveled against each Defendant.

**2. The Vague and Conclusory Language of the Complaint Deprives the Individual Defendant Police Officers of the Opportunity to Raise the Defense of Qualified Immunity**

The individual defendants in this civil rights case have the right to a clear understanding of the nature of the grievances suffered by plaintiff. Plaintiff's allegations must be sufficiently specific so that the individual defendants can assess the viability of raising qualified immunity defenses, and so that a judge can determine the appropriateness of such defenses. (*McHenry, supra*, 84 F.3d at 1175.)

In *Harlow v. Fitzgerald,* the Supreme Court established an objective test for qualified immunity, holding that "government officials performing discretionary functions . . . are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." (*Harlow v. Fitzgerald* (1982) 457 U.S. 800, 818, 102 S.Ct. 2727.) Such qualified immunity is <u>immunity from suit</u>. It is clear that the immunity afforded is "immunity from suit rather than a mere defense to liability." (*Mitchell v. Forsyth* (1985) 472 U.S. 511, 526, 105 S.Ct. 2806.) Accordingly, the existence of qualified immunity "should be determined by the district court at the earliest possible point in the litigation." (*Act Up!/Portland v. Bagley,* (9th Cir. 1993) 988 F.2d 868, 873) ; *McHenry, supra,* 84 F.3d at 1175.)

While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement showing that the pleader is entitled to relief" (*Conley v. Gibson,* (1957) 355 U.S. 41, 47, 78 S.Ct. 99) ), more than conclusory allegations are needed to give a defendant the requisite notice of the claim. (*Hatch v. Reliance Ins. Co.* (9th Cir. 1985) 758 F.2d 409, 415.) Moreover, inferences cannot be accepted if they are unsupported by the alleged facts, nor can the court accept <u>purely legal conclusions masquerading as factual allegations</u>. (*Maljack Productions Inc. v. Motion Picture Ass'n of America, Inc.* (D.C. Cir. 1995)52 F.3d 373, 375; *see also*, *Fleming v. Lind-Waldock & Co.,* (1st Cir. 1990) 922 F.2d 20, 23 (noting that each general allegation must be supported by a specific factual basis and pleadings are not sufficient where they rest on unsubstantiated conclusions).)

Without knowing what rights plaintiff alleges that defendants have violated, defendants cannot know whether they can raise a qualified immunity defense. The facts as pled are thus too vague to allow Defendants to raise the defense of qualified immunity under *Harlow v. Fitzgerald*. The Complaint therefore fails to state a claim upon which relief can be granted.

**D. Plaintiff's Complaint Fails to State a Valid Supplemental State Law Claim.**

Plaintiff's Second through Sixth "Causes of Action," as well as portions of his First Cause, are premised on state law theories of battery, assault, intentional infliction of emotional distress, negligent infliction of emotional distress, conversion and violations of the state constitutional rights to violations of California Civil code Section 51.7. These claims must be dismissed for three reasons. First, because plaintiff's federal claims are flawed, this court is without jurisdiction to entertain their state law claims. Second, plaintiff has failed to file a timely tort claim, as required by the California Government Code. Finally, plaintiff has failed to articulate sufficient facts in support his state claims under his Third, Fourth and First Causes of Action.

///

///

///

### 1. This Court Lacks Jurisdiction to Entertain Plaintiff's Supplemental State Law Claims Because They Have Failed to State a Valid Cause of Action under Federal Law.

Absent diversity jurisdiction, federal courts may adjudicate state law tort claims only if a federal question cause of action is properly before the court in the first instance. However, when original jurisdiction does not exist for the principal claim, federal courts may not exercise supplemental jurisdiction over the remaining state law claims. (*Randolph v. Budget Rent-A-Car* (9th Cir. 1996) 97 F.3d 319, 329). "Simply put, failure of original jurisdiction precludes application of supplemental jurisdiction." (*Id.* at 329 (emphasis added).)

Here, plaintiff's Complaint is based upon federal question jurisdiction. However, as demonstrated above, the complaint's federal claim is flawed and must be dismissed under Federal Rule of Civil Procedure 12(b)(6). With the dismissal of the federal claim, this Court lacks jurisdiction to hear the plaintiffs' state law claims.

### 2. Even If this Court Retained Supplemental Jurisdiction Over Plaintiff's State Law Claims, These Claims Must Be Dismissed, as Plaintiff Failed to Comply with the California Tort Claims Act.

The plaintiff has chosen to sue the City of Petaluma and its employees. Under the California Tort Claims Act, "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented. . . until a written claim therefor has been presented to the public entity and has been acted upon" by that public entity. (California Government Code § 945.4.) "There shall be presented. . . all claims for money or damages against local public entities. . .." (California Government Code § 905.) "The timely filing of a claim is an essential element of a cause of action against a public entity and failure to allege compliance with the claim statute renders the complaint subject to a general demurrer." (*Wood v. Riverside General Hospital* (1994) 25 Cal.App.4th 1113, 1119, 31 Cal.Rptr.2d 8.)

Plaintiff's complaint requests "money or damages" from the City of Petaluma, a public entity. Further, his Complaint alleges that he filed his tort claim for assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress,

conversion and violation of his state and federal civil rights on December 11, 2003. He fails to bring to this Court's attention, however, that his tort claim was rejected on **December 22, 2003**. (See, Notice of Rejection, Exhibit A to Defendants' Request for Judicial Notice.) By law, plaintiff is required to bring any lawsuit within **six months—** (California Government Code § 945.6)**—or in this case, no later than June 22, 2004**. Plaintiff filed his instant Complaint on July 2, 2004.[1] Because of his failure to file his state causes of action within the statutory limitations period, he is jurisdictionally barred from having the Court—any court—hear them. Accordingly, plaintiff's complaint fails to state a supplemental state cause of action against the City defendants, and his state law causes of action must be dismissed with prejudice.

**3. Even If this Court Retained Supplemental Jurisdiction Over Plaintiffs State Law Claim, They Are Fatally Flawed**

California Government Code section 815(b) provides that "<u>except as otherwise provided by statute</u>" a public entity is not liable for any injury, "whether such injury arises out of an act or omission of the public entity or a public employee or any other person." In other words, unless there exists a specific statute that operates to impose tort liability upon a public entity, no such liability can exist.

Further, according to subdivision (b) of Section 815.2 of the government code:

> Except as otherwise provided by statute, a public entity is not liable for any injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

Accordingly, liability for employee torts is limited by statutory immunities applicable to either the public entity (Gov. Code § 815(b)), or the public employee (Gov. Code § 815.2(b)).

---

[1] Although there appears a Nunc Pro Tunc Order among plaintiffs' exhibits to his Complaint, (See Exhibit "C"), this Order appears unrelated to the case at bar, as the Order pertains to Sonoma County Superior Court Case No. SPR-75178, while his current Complaint was assigned Sonoma County Superior Court Case No. 235113. The Nunc Pro Tunc Order purports to allege that plaintiff's complaint should be file-stamped June 25, 2004, rather than July 2, 2004. Regardless of which date plaintiff chooses to use—June 25 or July 2—he is still beyond the six month statute of limitations.

Plaintiff's Third and Fourth claims for Intentional of Emotional Distress and Negligent Infliction of Emotional Distress, respectively, are not statutory claims. There are no facts alleged to support these allegations. In fact plaintiffs have not even identified which defendants inflicted emotional distress on them, when it was inflicted or how it was inflicted.

Further, plaintiff's "First Cause of Action" seeks relief under California Civil Code § 51.7. This statute is not applicable to the facts alleged in this lawsuit. Section 51.7 states that all persons in this state have a right to freedom from violence or intimidation committed because of their "race, color, religion, ancestry, national origin, political affiliation, sex, sexual orientation, age, disability or position in a labor dispute." Plaintiff has not alleged that any of these particular characteristics are at issue.

Plaintiff's inclusion of this provision is indicative of the inadequate approach they have taken in this case. Their supplemental state claims in the First, Third and Fourth Causes of Action have no merit. They are factually and legally untenable and they should be dismissed.

## VII. CONCLUSION

The City defendants respectfully request that plaintiff's complaint be dismissed in its entirety. Plaintiff fails to adequately plead a cause of action under Section 1983. Further, he fails to allege facts necessary to maintain a *Monell* claim. Finally, plaintiff is jurisdictionally barred from suing any of the City defendants for state law claims because of his failure to timely file suit within six months of receiving a rejection of his tort claim.

///

///

///

///

///

///

///

Alternatively, the City defendants respectfully request that plaintiff be made to file an amended complaint which coherently fulfills his pleading obligations.

Dated: September 13, 2004 Respectfully submitted,

MEYERS, NAVE, RIBACK, SILVER & WILSON

By: ______________________________
Tricia L. Stuart
Attorneys for Defendants CITY OF PETALUMA, THOMAS SIMMS, TODD HART, LANCE NOVELLO, TERRY CAMPBELL, AARON GARIHAN, GREG SALCEDO, and JOHN ANTONIO

711133_1.DOC

TABLE OF CONTENTS

Page(s)

I. NOTICE OF MOTION ..... 1

II RELIEF SOUGHT ..... 1

III. INTRODUCTION ..... 2

IV. STATEMENT OF FACTS ..... 3

V. ISSUES PRESENTED ..... 3

IV. ARGUMENT ..... 4

A. The Complaint Fails to State a Claim for Which Relief Can Be Granted Under 42 U.S.C. Section 1983 ..... 4

B. The Complaint Fails to State a Valid Cause of Action for Municipal Liability ..... 5

1. Plaintiff Cannot Hold the City, Chief Simms and the City's named Officers Liable Under § 1983 Based on Respondeat Superior ..... 5

a. Under Section 1983, Municipalities Are not Vicariously Liable For the Constitutional Torts of Their Employees ..... 6

b. Plaintiff's Complaint Fails to Articulate the "Custom, Policy or Practice" by the municipal defendants which deprived him of his Constitutional Rights ..... 6

C. Plaintiff's Complaint Fails to State A Claim Because It is Impermissibly Vague, Ambiguous and Conclusory ..... 8

1. A Complaint for Civil Rights Violations Must be Sufficiently Clear and Direct to Allow Defendants to Frame an Appropriate Response and to Avoid Needless Discovery ..... 8

2. The Vague and Conclusory Language of the Complaint Deprives the Individual Defendant Police Officers of the Opportunity to Raise the Defense of Qualified Immunity ..... 9

D. Plaintiff's Complaint Fails to State a Valid Supplemental State Law Claim 10

1. This Court Lacks Jurisdiction to Entertain Plaintiff's Supplemental State Law Claims Because They Have Failed to State a Valid Cause of Action under Federal Law ..... 11

TABLE OF CONTENTS (*continued*)

Page(s)

2. Even if this Court Retained Supplemental Jurisdiction Over Plaintiff's State Law Claims, These Claims Must Be Dismissed, as Plaintiff Failed to Comply with the California Tort Claims Act ........... 11

3. Even If this Court Retained Supplemental Jurisdiction Over Plaintiffs State Law Claim, They are Fatally Flawed ....................................... 12

VII. CONCLUSION .......................................................................................... 13

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Act Up!/Portland v. Bagley*
988 F.2d 868, 873 (9th Cir. 1993) .......... 9

*Albright v. Oliver*
510 U.S. 266 (1994) .......... 5

*City of Los Angeles v. Heller*
475 U.S. 796 (1986) .......... 7

*City of St. Louis v. Praprotnik*
485 U.S. 112, 127 (1989) .......... 7

*Conley v. Gibson*
355 U.S. 41, 47, 78 S.Ct. 99 (1957) .......... 9

*Fleming v. Lind-Waldock & Co.*
922 F.2d 20, 23 (1st Cir. 1990) .......... 10

*Gillette v. Delmore*,
979 F.2d 134 (9th Cir. 1992) .......... 6

*Graham v. Connor,*
490 U.S. 386 (1989) .......... 5

*Harlow v. Fitzgerald*
457 U.S. 800, 102 S.Ct. 2727 (1982) .......... 9, 10

*Hatch v. Reliance Ins. Co.*
758 F.2d 409 (9th Cir. 1985) .......... 10

*Ivey v. Board of Regents*,
673 F.2d 266 (9th Cir. 1982) .......... 8

*Jones v. Community Redevelopment Agency*
733 F.2d 646 (9th Cir. 1984) .......... 7

*Maljack Productions Inc. v. Motion Picture Ass'n of America, Inc.*
52 F.3d 373 (D.C. Cir. 1995) .......... 10

TABLE OF AUTHORITIES (*continued*)

Page(s)

*McHenry,*
*supra.* at 1172 .......... 8

*Medrano v. City of Los Angeles*
973 F.2d 1499 (9th Cir. 1992) .......... 6

*Mitchell v. Forsyth*
472 U.S. 511, 105 S.Ct. 2806 (1985) .......... 9

*Monell v. New York City Dep't of Social Servs.*
(1978) 436 U.S. 658 .......... 6, 13

*Moor v. County of Alameda*
411 U.S. 693, 93 S.Ct. 1785 (1973) .......... 6

*Price v. State of Hawaii*
939 F.2d 702 (9th Cir. 1991) .......... 7

*Randolph v. Budget Rent-A-Car*
97 F.3d 319 (9th Cir. 1996) .......... 11

*Sherman v. Yaki*
(9th Cir. 1977) 549 F.2d 1287 .......... 4, 8

*SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*
(9th Cir. 1996) 88 F.3d 780, (1996) 519 U.S. 1028, 117 S.Ct. 583 .......... 8

*Thompson v. City of Los Angeles*
885 F.2d 1439 (9th Cir. 1989) .......... 6

*Wood v. Riverside General Hospital*
25 Cal.App.4th 1113, 31 Cal.Rptr.2d 8 (1994). .......... 11

Page(s)

**Statutes**

California Government Code
42 U.S.C. § 1983 ..... 5
§ 815(b) ..... 12
§ 900 ..... 2
§ 905 ..... 11
§ 945. ..... 12
§ 945.4 ..... 11

Federal Rule of Civil Procedure
12(b)(6) ..... 1, 4

**Other Authorities**

Welfare & Institutions Code
§5150 ..... 2